UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROCK ADAMS                                              CIVIL ACTION

VERSUS                                                   NO: 12-2361

HORTON ARCHERY, L.L.C., ET AL.                           SECTION: "S" (3)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #11) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana.

BACKGROUND

This matter is before the court on the plaintiff's motion to remand. Plaintiff, Brock Adams, argues that this matter should be remanded to the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana because the defendants did not comply with the notice requirement of 28 U.S.C. § 1446(d).

Adams filed this personal injury action against Horton Archery, LLC and Academy, Ltd., d/b/a Academy Sports + Outdoors[1] in the Twenty-Second Judicial District Court, Parish of Washington State of Louisiana. Adams alleges that he sustained severe injuries to his eye when a cocking rope for his Horton Hunter x2 cross-bow malfunctioned. The cocking rope was manufactured by Horton and sold to Adams by Academy.

The defendants were served on August 28, 2012. They removed the action to the United States District Court for the Eastern District of Louisiana on September 25, 2012, alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. That same day, Academy's attorneys faxed a

---

[1] Adams improperly named Academy as Academy Louisiana, Co., L.L.C.

Notice to Adverse Parties and to State Court to the Clerk of Court for the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana and Andre C. Gaudin and Alexis Caughy, Horton's attorneys. Although the notice was sent to the Clerk of Court for the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana, it was addressed to "The Honorable Douglas E. Wellborn, Clerk of Court, East Baton Rouge Parish." Also, it was inadvertently sent to counsel for Horton, who were listed as counsel for Adams.

On December 13, 2012, Adams filed a motion to remand this matter to the for the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana arguing that remand is warranted because the defendants failed to notify him of the removal. Adams does not contest that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. Adams claims that he was not aware of the removal of this action until November 16, 2012, when he received electronic notice from the Clerk of Court for the United States District Court for the Eastern District of Louisiana of the defendants' filing of their Answer.

Defendants argue that remand is not appropriate because they attempted to notify Adams of the removal in good faith. They argue that it was inadvertent that they did not notify Adams and were not trying to "hide the ball." Also, defendants argue that Adams has not been prejudiced by their failure to notify him of the removal because the state court was notified of the removal, regardless of the Notice being addressed to the wrong court, and the state court has not taken any action on this case since it was removed. Further, defendants argue that Adams' motion to remand on procedural grounds is untimely because such motions must be filed within 30 days of removal. Finally, defendants argue that Adams waived his right to contest the removal because his counsel

filed a motion to enroll in United States District Court for the Eastern District of Louisiana on November 30, 2012.

## ANALYSIS

A.   **28 U.S.C. § 1446(d)**

Title 28, United States Code, Section 1446(d) provides that after filing a notice of removal in the federal court, the defendants shall "promptly" give written notice of the removal to all adverse parties and file a copy of the notice with the clerk of the state court. Removal is effected by the defendant when it completes the three procedural steps of filing a notice of removal in the federal court, filing a copy of the notice of removal in the state court, and giving prompt written notice of the removal to all adverse parties. 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3736 (4th ed. 2012).  Although there is no particular time for giving notice to all adverse parties specified in the removal statue, all adverse parties must be given actual notice. Id. at § 3735.  Further, "the court may order remand when the defendants have unduly delayed in giving notice to the adverse parties since . . . removal is not effective until the requirements of Section 1446(d) have been met." Id.

In this case, the defendants have not provided any written notice of the removal to plaintiff as is required by §1446(d).  Therefore, they have not perfected their removal, and this case will be remanded to the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #11) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana.

New Orleans, Louisiana, this \_\_9th\_\_ day of January, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4